prevented the performance of the condition. In such cases courts have often been astute to deny the existence of a condition precedent, but there are not any features which would lead us to such a denial here.

In the language of Best, Ch. J., quoted in Tompkins v. Brown, 1 Denio, 247, such a promise, "if relied on, must be taken subject to the condition." The plaintiff failed to establish the condition, or that the defendant was liable for the prevention of its performance, and so the judgment went properly against him. Authorities supra, and Oakley v. Morton, 11 N. Y. 25, 36, 62 Am. Dec. 49.

The judgment is affirmed, with costs. All concur.

---

PRINCE v. CENTRAL NEW ENGLAND RY. CO.

(Supreme Court, Appellate Division, Third Department.    November 15, 1911.)

MASTER AND SERVANT (§ 293*)—INJURIES TO SERVANT—ACTIONS—RAILROADS—
    CARE REQUIRED—INSTRUCTIONS.

> In an action for death of a railroad engineer by derailment of his engine due to an alleged defective track, the court charged that it was defendant's duty to furnish deceased a reasonably safe place in which to work, but omitted to specify the degree of care required. Defendant's counsel requested an instruction that defendant was not bound to make the track safe, but was only required to exercise reasonable care in its efforts to make it safe. *Held*, that the refusal of the request on the ground that the charge was reasonably sufficient on the subject was error.

> [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 1151; Dec. Dig. § 293.*]

> Houghton and Betts, JJ., dissenting.

Appeal from Trial Term, Ulster County.

Action by Cora A. Prince, as ancillary administratrix of the estate of William O. Prince, deceased, against the Central New England Railway Company. From a judgment for plaintiff and from an order denying defendant's motion for a new trial on the minutes, it appeals. Reversed.

See, also, 137 App. Div. 934, 121 N. Y. Supp. 1144.

Argued before SMITH, P. J., and KELLOGG, SEWELL, BETTS, and HOUGHTON, JJ.

Elbert N. Oakes, for appellant.
John G. Van Etten, for respondent.

SEWELL, J. This action was brought to recover damages for the death of the plaintiff's intestate, alleged to have been caused by the negligence of the defendant.

The deceased was an engineer in the employ of the defendant, and at the time of the accident was in charge of a locomotive drawing a freight train of 40 cars. At a point a short distance east of the station in the village of Lloyd, Ulster county, the locomotive and the first five cars of the train became derailed, and, after running about

180 feet over the ties, the locomotive tipped over and rolled down a bank and killed the deceased. The derailment took place at or near the easterly end of a switch. There was evidence tending to show that the ties were of a dark color, appeared to be soft and well worn, and that the switch rail was not properly bolted or connected. The evidence of a defect in the ties was not satisfactory, but it is insisted on the part of the plaintiff that there was evidence from which a jury might be permitted to say that the accident was due to the defective condition of the switch or track, which might have been discovered by reasonable inspection. It is not necessary, however, to consider this question, as the judgment must be reversed for an error in the charge. In submitting the case to the jury, the learned trial justice in his principal charge stated that it was the duty of the defendant to furnish the deceased a reasonably safe place in which to work, but omitted to specify the degree of care it was the duty of the defendant to exercise in providing such a place. After the charge the following request was made by the defendant's counsel:

"We ask your honor to instruct the jury that the rule is not that we were bound to make the track safe, as stated by the counsel, but that we were only required to exercise reasonable care in the effort to make it safe."

The court refused, and said:

"I think the charge was reasonably sufficient upon that subject."

Defendant's counsel excepted to the refusal of the court to charge as requested.

It is apparent that the refusal of the request to charge was, under the circumstances, an intimation to the jury that the rule of law requested was not wholly sound. It substantially told the jury that, if the defendant had used reasonable care and prudence in the effort to make the place safe, it was nevertheless negligent if the place was not in fact reasonably safe. We think that taking the charge, the request, and the refusal of the request together, they might, and doubtless did, give the jury to understand that they were only required to consider or determine whether the place was reasonably safe. It certainly was not fair to the defendant to leave the case to the jury without informing them that the defendant was simply bound to exercise reasonable care and prudence in providing a reasonably safe place.

We therefore think that the rights of the defendant were not protected as the law required, and that the judgment and order should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur, except HOUGHTON and BETTS, JJ., dissenting.